UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TONY E. MARTIN, et al.                                                                                PLAINTIFFS

v.                                                                           CIVIL ACTION NO. 3:09CV-535-S

CHASE BANK, et al.                                                                                  DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Chase"),[1] for judgment on the pleadings. Fed.R.Civ.P. 12(c).

The plaintiffs, Tony F. and Anita R. Martin, filed their complaint *pro se*, consisting of two short paragraphs purportedly alleging claims for breach of contract and wrongful interference, but failing to set out any details of the events of which they complain. In response to a motion by the defendants for a more definite statement, the Martins provided a more detailed explanation of their claims. In response to the motion to dismiss, they have filed their own motion for judgment.

The Martins contend that their troubles arose from Chase Bank's alleged refusal to extend them credit advances on a home equity line of credit ("HELOC") past the expiration of the draw period. The line of credit was established on October 19, 2000 under the terms of a HELOC agreement executed in connection with a refinancing of the Martins' mortgage loan. The HELOC agreement established a five-year draw period during which they could borrow against the credit line of $82,500.00. The agreement provided in pertinent part:

---

[1] The complaint names Chase Bank and Bank One as defendants. It appears that through merger of Chase Bank and Bank One, Chase Bank is the only defendant.

> The term of your Credit Line will begin as of the date of this Agreement ("Opening Date") and will continue until October 19, 2015 ("Maturity Date"). All indebtedness under this Agreement, if not already paid pursuant to the payment provisions below, will be due and payable upon maturity. The draw period of your Credit Line will begin on a date, after the Opening Date...and will continue as follows: five (5) years...You may obtain credit advances during this draw period. After the Draw Period ends, the repayment period will begin and you will no longer be able to obtain credit advances.

In their motion for judgment (DN 25), the Martins contend that they were "given an equity line of credit each time the loan was refinanced but unable to use it. The equity line should have been available under each individual loan that was provided by chase [sic]. As is Under [sic] each refinance their [sic] should be a new beginning as so [sic] a new statue [sic] of limitation...Each refinance was a new contract, new line of credit, new beginning." In their reply to Chase Bank's motion for judgment on the pleadings (DN 29), the Martins state that

> ...If Chase had not denied the Martins access to the equity line of credit of 5,000.00 [sic] with 0% interest, the Martins would not have been influenced to pursue those loans totaling 12,881.00 [sic] at that time. Even though Chase was the Martins [sic] primary banking service at the time and was not developed to protect the Martins against any frivolous banking decisions, the Martins feel that in good faith alone as a professional banking institution, Chase should have assisted the Martins in making a better decision instead of hastily trapping the Martins into a high interest loan...Further, the Martins will prove that Chase denied them access to a promised equity line of credit. The loan was refinanced more than once and each time should have spawned a new statute of limitation.

It is apparent from the pleadings that the Martins' complaint hinges on their belief that they would be able to draw on their equity line of credit for a longer period of time than the draw period designated in the contract. They contend that when they were no longer able to borrow on that line of credit, they were forced to turn to less favorable sources of credit. Their complaint demands "$1,000,000.00 for their deprivation of sufficient banking privileges and their [sic] being forced to

pursue so many other credit cards and loans. Thus leaving the plaintiffs struggling to get out of debt and unable to pursue sufficient credit for financial stability." Complaint, p. 2, ¶ B.

With respect to the claim for breach of contract, the HELOC agreement[2] stated unequivocally that after the expiration of the five-year draw period, the repayment period would begin and the plaintiffs would no longer be able to obtain cash advances. Neither the complaint nor the plaintiffs' other filings call into question the provisions of the contract which refute the Martins' allegation that the contract was breached by Chase Bank's refusal to extend the draw period on the HELOC.

The complaint purports to state a claim for "wrongful interference." It appears to involve subsequent refinancing of the Martins' mortgage and other credit advances. The Martins acknowledge that Chase "was not developed to protect the Martins against frivolous banking decisions." They contend, however, that "Chase should have assisted the Martins in making a better decision instead of hastily trapping the Martins into a high interest loan." Reply Brief, p. 1. Chase Bank urges that any claim the Martins may be attempting to assert under a negligence, fraud, or predatory lending theory would be barred by the five-year statute of limitations which it contends expired on October 19, 2005. KRS 413.120. *See*, *Newbold v. Central Bank of Jefferson County, Inc.*, 2010 WL 323127 (Ky.App. Jan. 29, 2010).

The general rule is that an action "accrues" on the date of injury, and the limitations period begins to toll from that date. *Caudill v. Arnett*, 481 S.W.2d 668, 696 (Ky.App.1972). Chase Bank urges that the statute of limitation on any of these causes of action must run from the date of the date

---

[2]The HELOC Agreement was referred to in the Complaint and forms the basis of the breach of contract claim. Consideration of this document is therefore proper in addressing this motion for judgment on the pleadings. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

of the HELOC Agreement, as the Martins state that their "injuries derived from 10-19-2000." The entry into the HELOC Agreement is the only transaction specifically identified in the lawsuit.

The Martins contend that they were injured by the failure to extend the draw period beyond five years. They also complain that they were ill-advised about banking decisions when they began having credit difficulties. The plaintiffs have failed to identify any loan or other credit source forming the basis for their "wrongful interference" claim. They state only that "[e]ach time the loan was financed or even attempted to sell another loan to the Martins was one bank officials wrongful interference against the previous banker and the plaintiff." DN 25, Motion for Judgment, p. 2. This statement is not grounded in any identifiable facts or any cognizable legal theory.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The court concludes that Chase Bank is entitled to judgment on the pleadings, and the action must be dismissed. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**